**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:**

| | |
|---|---|
| Nationwide General Insurance Company<br><br>Plaintiff,<br><br>v.<br><br><br>Linda Latham, Robert John Bolinger, John Edward Albertelli, Marc Edward Blazer, Grey Media Group, Inc., and Katherine Hill Heely,<br><br><br>Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff, complaining of the above-named Defendants, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

## JURISDICTION AND VENUE

1. Nationwide General Insurance Company ("Nationwide") is a foreign corporation organized and existing under the laws of the state of Ohio with its principal place of business in Ohio. Nationwide is authorized to do business in South Carolina.

2. Upon information and belief, Linda Latham is a citizen and resident of Plymouth County, Massachusetts.

3. Upon information and belief, Robert John Bolinger is a citizen and resident of Horry County, South Carolina.

4. Upon information and belief, John Edward Albertelli is a citizen and resident of Horry County, South Carolina.

1

5. Upon information and belief, Marc Edward Blazer is a citizen and resident of Horry County, South Carolina.

6. Upon information and belief, Defendant Grey Media Group, Inc. merged with Raycom Media, Inc. Upon information and belief, Raycom Media, Inc. was the surviving entity which was renamed Grey Media Group, Inc. Upon information and belief, Grey Media Group, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Georgia.

7. Upon information and belief, Katherine Hill Heely is a citizen and resident of Horry County, South Carolina.

8. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

9. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

10. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1).

## NATIONWIDE POLICY

11. Nationwide issued an automobile insurance policy, policy number 6139V 129148, to John Albertelli and Reda Andrews (the "Policy").

12. The Policy effectives dates were January 24, 2020 to March 13, 2020.

13. The Policy included $100,000 each person/$300,000 each occurrence bodily injury liability coverage and $50,000 each occurrence property damage liability coverage.

14. The Policy listed one insured vehicle: a 1999 Dodge Dakota, VIN No. 1B7GL22X2XS200470 (the "1999 Dakota").

15. The Policy provides liability coverage for "bodily injury" or "property damage" for which an "insured" becomes legally responsible because of an auto accident. Nationwide craves reference to the Policy for all terms, conditions, provisions, and exclusions therein and incorporates them by reference herein. A certified copy of the Policy is attached as Exhibit A.

16. The Policy provides in pertinent part:

### PERSONAL AUTO POLICY

***

**DEFINITIONS**

**A.** Throughout this policy, "you" and "your" refer to:

   **1.** The "named insured" shown in the Declarations;

   **2.** The spouse if a resident of the same household;

***

**J.** "Your covered auto" means:

   **1.** Any vehicle shown in the Declarations.

   **2.** A "newly acquired auto".

   **3.** Any "trailer" you own.

   **4.** Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** Breakdown;

   **b.** Repair;

    **c.** Servicing;

    **d.** Loss; or

    **e.** Destruction.

***

**K.** "Newly acquired auto".

  **1.** "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

    **a.** A private passenger auto;

***

  **2.** Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.

    **a.** For any coverage provided in this policy except Coverage for Damage to Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 30 days after you become the owner.

    If a "newly acquired auto" replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

***

**PART A- LIABILITY COVERAGE**
**INSURING AGREEMENT**

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest on covered damages awarded against the "insured" which do not exceed our limit of liability for this coverage. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements unless required by law. We have

no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B.** "Insured" as used in this Part means:

**1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

**2.** Any person using "your covered auto".

\*\*\*

**EXCLUSIONS**

**A.** We do not provide liability coverage for any "insured":

\*\*\*

**8.** Using a vehicle:

**a.** Without a reasonable belief of being entitled to do so;

**b.** The "insured" has stolen; or

**c.** The "insured" knows to have been stolen.

An "insured" shall not be held to have a reasonable belief of being entitled to operate a motor vehicle if that person's license has been suspended, revoked, or never issued.

This exclusion does not apply to the use of "your covered auto" by:

**a.** You;

**b.** A "family member"; or

**c.** A business partner, employee or agent of you or a "family member".

\*\*\*

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

\*\*\*

**2.** Any vehicle, other than "your covered auto", which is:

**a.** Owned by you; or

\*\*\*

## FACTS

17. On February 27, 2023, Linda Latham filed suit in the Horry County Court of Common Pleas, Civil Action No. 2023-CP-2601225, against Robert John Bolinger, John Edward Albertelli, Marc Edward Blazer, Raycom Media Inc., Gray Media Group, Inc., and Katherine Hill Heely (the "Underlying Complaint").

18. The Underlying Complaint alleges that on or about February 28, 2020, Defendant Latham was a passenger in a vehicle operated by David Albert Keedwell that was involved in a car accident on Highway 501 in Horry County, South Carolina.

19. According to the Underlying Complaint, Defendant Bolinger struck the rear of a vehicle driven by Defendant Blazer, causing it to crash into a vehicle driven by Defendant Heely. Defendant Heely's vehicle was pushed forward, causing it to crash into Mr. Keedwell's vehicle, which caused Defendant Latham's injuries.

20. The Complaint alleges Gray Media Group, Inc. and/or Raycom Media, Inc. owns the vehicle operated by Defendant Blazer in the accident.

21. The Complaint alleges Defendant Bolinger was operating a 1997 Dodge Dakota, VIN No. 1B7FL26X9VS194458, owned by Defendant Albertelli at the time of the accident (the "1997 Dakota").

22. Upon information and belief, Defendant Albertelli purchased the 1997 Dodge as early as December 17, 2019, but by at least January 19, 2020.

23. Upon information and belief, the Defendants have or will make claims for coverage under the Policy as a result of the alleged accident.

**FOR A FIRST DECLARATION**

24. Nationwide repeats and realleges the allegations above as if set forth fully verbatim below.

25. The Policy provides liability coverage for "insureds."

26. "Insured" is defined in part as any person using "your covered auto."

27. "Insured" does not include anyone using a vehicle without a reasonable belief of being entitled to do so.

28. According to the Policy, if a person's license has been suspended, revoked, or never issued, then that person shall not be held to have a reasonable belief of being entitled to operate a motor vehicle.

29. Defendant Bollinger is not an "insured" because he was not using a "covered auto" at the time of the accident.

30. Additionally, Defendant Bollinger is not an "insured" because, upon information and belief, his drivers license was suspended at the time of the accident.

31. Defendant Bollinger did not have a reasonable belief that he was entitled to drive the 1997 Dakota.

32. Thus, Nationwide is entitled to a declaration that the Policy does not provide liability coverage for the February 28, 2020 accident, and that Nationwide has no duty to defend or indemnify Defendant Bollinger or Defendant Albertelli for the allegations set forth in the Underlying Complaint.

**FOR A SECOND DECLARATION**

33. Nationwide repeats and realleges the allegations above as if set forth fully verbatim below.

34. The Policy provides liability coverage for any person using "your covered auto."

35. The Policy defines "your covered auto" in part as any vehicle listed on the Declarations page, a "newly acquired auto," and a non-owned auto being used as a temporary substitute for another vehicle described as a "covered auto."

36. The Policy provides coverage for "newly acquired autos" if coverage is requested within 30 days of owning the vehicle or the auto replaces a vehicle shown in the Declarations.

37. The 1997 Dakota is not listed on the Policy's Declarations page.

38. Defendant Albertelli did not request coverage for the 1997 Dakota within 30 days of acquiring ownership of the vehicle.

39. Upon information and belief, the 1997 Dakota did not replace the 1999 Dakota listed on the Declarations page.

40. The 1997 Dakota is not a temporary substitute vehicle because it is owned by Defendant Albertelli.

41. Thus, Nationwide is entitled to a declaration that the Policy does not provide liability coverage for claims arising out of the use of the 1999 Dakota in the February 28, 2020 accident, and that Nationwide has no duty to indemnify Defendant Bollinger or Defendant Albertelli for the allegations set forth in the Underlying Complaint.

**FOR A THIRD DECLARATION**

42. Nationwide repeats and realleges the allegations above as if set forth fully verbatim below.

43. The Policy excludes coverage for vehicles owned by "you" that are not "your covered autos."

44. The 1999 Dakota is not a "your covered auto."

8

45. The 1999 Dakota is owned by "you", Defendant Albertelli.

46. Thus, Nationwide is entitled to a declaration that the Policy does not provide liability coverage for claims arising out of the use of the 1999 Dakota in the February 28, 2020 accident, and that Nationwide has no duty to defend or indemnify Defendant Bollinger or Defendant Albertelli for the allegations set forth in the Underlying Complaint.

WHEREFORE, Nationwide prays that this Honorable Court inquire into these matters and declare that Nationwide owes no coverage under the Policy, has no duty to defend or indemnify Defendant Bollinger or Defendant Albertelli, and award attorney's fees and costs associated with this action and any other relief this Court deems just and proper.

**MURPHY & GRANTLAND, P.A.**

*s/Wesley B. Sawyer*

Wesley B. Sawyer (Fed. I.D. No. 11244)
Post Office Box 6648
Columbia, SC  29260
(803) 782-4100
wsawyer@murphygrantland.com
***Attorneys for Nationwide General Insurance Company***

Columbia, South Carolina
June 6, 2023